The petition in substance alleges that the plaintiff is a corporation duly organized under the laws of the state of Connecticut, and was empowered to, and was transacting a general fire insurance business in the state of Ohio and in Lawrence county'; that the defendant, Edgar T. Belcher, is the duly elected, qualified and acting clerk of said county, and that the defendant, J. M. Payne, is the duly elected, qualified and acting sheriff of Lawrence county; that about the 18th day of July, 1899, the defendant, Margaret Sample, procured from the Washington Insurance Company of Cincinnati a policy of insurance in the sum of one thousand dollars on a stock of merchandise; that said policy contained among others the following provision:
*630 “This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by, and expenses of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property an’d the extent of the application of the insurance under this policy, or of the contribution to be made by this company in ease of loss, may be provided for by agreement or condition written hereon or attached or appended hereto.”
Also the following provision:
“This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached thereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached. ’ ’
That afterwards in 'January, 1900, said Margaret Sample procured from plaintiff a policy of insurance on the same property insured by the Washington Insurance Company as aforesaid, and that said policy contained, among other things, the same provisions that were contained in the policy issued by the Washington Insurance Company; that afterwards and during the time the said policies were in force said property was destroyed by fire and that said Margaret Sample brought suit against each of said companies on their respective policies asking for a judgment against each of them in the sum of one thousand dollars, and that thereafter, and while said suits were pending, the attorneys for the insurance companies and the said Margaret Sample entered into the following agreement :
“It is agreed that the findings of the jury, the judgment of the court and all other orders of said court, each and several, *631 or all, in whichever of said cases to be hereafter submitted to said court or jury, or both, shall be made in the other case also, it being the understanding and agreement that the ease not actually tried shall abide and follow the result of the case actually tried, or disposed of by either the court or jury •or both.
“That the evidence in the ease tried shall be the evidence in the other case not tried, and that the record in the case tried shall be the record in the case not actually tried. That ■either party shall have right to except as to all matter the subject" of exceptions, to file motion for new trial, and to prosecute error, the record of the case tried to be the basis of said ■proceeding.
“The object of this agreement is to dispose of both the above cases in one trial either to the court or jury, or to both, but not to bind either of the defendants by compromise with the other defendant.
“The ease to be tried is that of Margaret Sample against the Washington Insurance Company.
“This agreement to be matter of record in this case.
“(Signed) W. D. Corn, attorney for the Washington Insur.anee Company.
“(Signed) C. E. Belcher, attorney for the Aetna Insurance Company.
“(Signed) A. B. Johnson, -attorney for Margaret Sample.”
That in accordance with said agreement and arrangement the cause against the Washington Insurance Company was ■tried in the court of common pleas to a jury, and the jury after hearing the evidence returned a verdict in favor of Margaret Sample, the plaintiff, in the sum of five hundred and sixteen dollars, and said jury upon an interrogatory submitted to it specially found that the total value of the property destroyed by fire and covered by these insurance policies was ■five hundred and sixteen dollars, and no more. Thereafter, the •court, against the'objection of both of the insurance companies, ■rendered judgment upon said verdict against each of said companies in the sum of five hundred and sixteen dollars, with interest thereon from the date of said fire.
Said petition further alleges that the companies in accordance with the provisions of said policies as to contribution, by which provisions each of said companies was to contribute oneialf of the said loss, paid to said Margaret Sample the sum *632 of five hundred and sixteen dollars, being the value of all of said property covered by said two policies of insurance, with the legal interest thereon from the date of said fire, and all costs made in each of said causes, and thereby fully satisfied said judgment rendered against said Washington Insurance Company, and against this plaintiff, and all claims under either of their said policies.
Plaintiff says that notwithstanding said payment, said Margaret Sample is threatening to, and unless restrained by the court will proceed to collect from plaintiff said sum of five hundred and sixteen dollars with interest thereon from the date of said fire.
Wherefore, plaintiff prays for a temporary restraining order restraining said Margaret Sample from collecting the same, and upon final hearing said restraining order be made permanent, and for such other and final relief as plaintiff is entitled to.
The defendant demurred to this petition, and for grounds of the demurrer says, the petition does not state facts sufficient to constitute a cause of action against defendants, or either of them.
Counsel in their briefs have discussed with much learning and ability the import and effect of the purported agreement set out in the petition, but, as the court views it, the matters discussed in the briefs of counsel are not decisive of the points raised by this demurrer.
As it appears to the mind of the court, this agreement need not be seriously considered in disposing of the proposition now before the court. The only thing that the agreement did was to fix the verdict and judgment in the ease that was" untried to be the same as that of the case that was tried.
The defendant, Margaret Sample, would have been entitled, without any agreement, to have prosecuted her action against each of these companies to a final judgment in the case, and the fact that she had prosecuted her action against one of the companies to final judgment would have been no bar to her suit against the other company. In other words, she could, if she saw fit and the proof warranted it, have reduced her claim against each company to judgment.
*633 We think this position is supported by the cause of Yoho v. McGovern, 42 O. S., page 11; also Stone v. Whittaker, 61 O. S., pages 194-200.
But it does not necessarily follow that because she would be entitled to have prosecuted her action in each or both cases, if she saw fit, to judgment, and to have had her judgment entered up in each case for the full amount of her loss, that she would have been entitled to have realized upon both judgments in full; in fact, we think that if the judgments had been the same in each case, and she had received payment of one judgment and the costs in both cases, that the other company could have then in a court of equity obtained a decree ordering the other judgment satisfied.
So that, as the court views it, the contract set out in the petition, and which counsel have seen fit to discuss with so much zeal and learning, does not change or alter the condition of these parties with regard to this suit from that which it might have been had not the contract been entered into.
The defendant, Margaret Sample, in this case has sustained but one loss which the jury, upon a special interrogatory in a proper case, has found and determined to be five hundred and sixteen dollars.
This petition shows affirmatively upon its face that this sum, together with the interest thereon, and with all costs in both suits, have been paid to the defendant, and while the prayer of the petition does not ask that the judgment against plaintiff ,be satisfied, yet we think the concluding clause warrants the granting of that relief, if the facts alleged in- the petition are sufficient to grant such relief.
Freeman on Judgments, paragraph 467, lays down the following proposition:
“Sometimes, as where a tort is committed, several separate judgments may be rendered against two or more persons in actions by the injured party to recover the damages suffered by him. The judgments may be for different amounts, but because they are founded upon the same cause of action, the satisfaction of one, whether complete or partial, operates to the same extent as a satisfaction of the other. But whenever a plaintiff has two or more judgments founded upon the same *634 cause of action, it is said that he may elect which judgment he will enforce, and therefore of which he will receive satisfaction. The same rule applies to judgments in actions ex contractu. If an obligation is such as to warrant separate judgments against several persons thereon for the same breach of contract, and plaintiff accepts satisfaction of either, he satisfies all.”
This doctrine is fully sustained in the case of Ellis v. Bitzer, 2 O., page 89; Cox v. Smith and Ford, 10 Ore., page 418; also 1st Strob, page 414; Bowser’s Ap., 101 Pa. St., page 466.
It may be claimed that these two policies are separate contracts and made at different times, and that there is no contractual relation between the two insurance copmanies, but we do not think that this claim is tenable for the reason that each of these policies contain the following clause:
“This company shall not be liable under this policy for a greater proportion of .any loss on the described property endangered by the fire, than the amount hereby insured shall bear to the whole insurance covering such property.”
This was a direct arrangement and agreement that each of these companies should contribute their proportional amount of the loss, and should it have turned out that one of the companies had proved insolvent, the other company undoubtedly would have been liable for the whole loss; but it certainly would be against public policy to permit persons to insure merchandise in two companies, and collect from each company the entire value of the property destroyed.
This would be a premium on incendiarism. The rule as laid down in Freeman on Judgments, supra, certainly applies with all its force and effect to this case, and while it may be urged that this is not a tort, but a matter of contract, it will be noticed that Freeman on Judgments states that the rule applies in judgments ex contractu, and we think an investigation of the authorities makes a difference in the application of the rule to this extent only; that is, where a person has a claim against two persons arising in tort, that the settlement with one is a settlement with all, as is laid down in the case of Ellis v. Bitzer, supra. While on the other hand, if his claim or judgment is against two persons arising on contract, and he collects a *635 judgment against one, that is only good against the other for the amount actually collected, and if the judgments are different — that is, one for a greater sum than the other — and he, collects from the party against whom he has the lesser amount, that this will not release the defendant against whom he has the greater amount, except as to the amount actually collected; and if this contract was intended to have any other bearing or import than that which has been given to it heretofore by the consideration of this case, it would be against public policy because it has been expressly held in the 46 Fed. Rep., page 839, that an agreement with two joint tort feasors to accept a certain sum as costs, attorney fees, etc., and not as damages, will nevertheless release the third joint tort feasor, and that the court will not permit a settlement with one joint tort feasor by an agreement that it shall not release the other party not settled with, to be carried into effect, but will construe it to be a settlement with all, notwithstanding the fact it may be said to be in payment of costs and attorney fees and expenses.
In the case of Baker v. Johnson, 38 Hun. (N. Y.), page 623, Ramsey, Judge, says:
“Two separate judgments were returned against individual partners on a libel suit, and the court holds that a satisfaction of one is a satisfaction of both, except as to costs. The reason is that however numerous may be the doers of the tortious acts the tort itself, as well as the damage caused by it, is but one single thing for which one single payment by whomsoever of the trespassers made, is a perfect satisfaction. And this is so although the party giving the release stipulates that it should not discharge the others.”
This is in beeping with the ease of Ellis v. Bitzer, supra, decided by our own Supreme Court, so that the parties can not, by contract, enter into an arrangement which will avoid the effect and force of this doctrine.
Cox v. Smith and Ford, 10 Ore., page 418, was a suit on a bond; separate judgments against principal and sureties in different sums were returned; the smaller judgment was paid, and Watson, Judge, in passing upon the proposition as to the right to collect the larger judgment says:
Chas. E. Belcher, for plaintiff.
A. B. Johnson and E. E. Corn, for the defendants.
“Although a creditor may recover many separate judgments for the same debt against parties severally liable, he can have but one satisfaction, and a payment by one attended by satisfaction of the judgment against him only, operates in law as a satisfaction and discharge of all the others.”
In the case at bar, the defendant, Margaret Sample, sought to save herself harmless from the loss of her goods by contracting with these insurance companies. It is true she made a separate contract with each; she had a right to enter into a contract that would make her whole in case of loss, but the court would not enforce a contract against either of them that would go beyond this, if she had contracted with but one company — and having contracted with two companies, she certainly can not now be in any better position than had she contracted with but one — and having received full compensation, and having been made whole for all the loss she suffered, we are of the opinion that this petition states a good cause of action, and that the doctrine laid down in Butler v. Ashworth, 110 Cal., page 614; Heirs v. Almstead, 31 Conn., page 447; Newsom v. McLendon, 6 Ga., page 392; Ashcroft v. Knoblock, 146 Ind., page 169; Boardman v. Acer, 13 Mich., page 77; Sherman v. Bret, 7 Wis., page 139, and the cases heretofore cited sustain this position.
The demurrer will be overruled. Exceptions may be noted.